UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Index No.:
SHAMEKA T. BEEKS,

                Plaintiff,

-against-                                                                    **COMPLAINT**
                                             **JURY TRIAL DEMANDED**


COMMUNITY COUNSELING AND MEDIATION
d/b/a CCM MENTAL HEALTH CLINIC, and
EMORY X. BROOKS, in his individual capacity,

                Defendants.
-----------------------------------------------------------------X

       Plaintiff, SHAMEKA T. BEEKS, (hereinafter "Plaintiff") by her attorneys, SLATER

SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendants,

upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

    U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

    Pub. L. No. 102-166) ("Title VII"), the New York State Human Rights Law, New York

    State Executive Law § 296, et seq. ("NYSHRL"); and the New York City Human Rights

    Law, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL"). Plaintiff seeks

    damages to redress the injuries she suffered because of being retaliated against following

    her complaint of discrimination.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331

    and 1343.

3.    The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city laws pursuant to 28 U.S.C. §1367.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5.    Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving a Right to Sue Letter.

## PARTIES

6.    Plaintiff is an African American female who resides in Brooklyn, New York.

7.    Community Counseling and Mediation d/b/a CCM Mental Health Clinic (Hereinafter "CCM") is a leading behavioral health organization based in Brooklyn that seeks to address the root causes and problems associated with mental illness and substance abuse.  CCM is a community-based social service organization that provides a wide range of social support, counseling, health, mental health, education, and supportive housing services to at-risk children and families.

8.    Upon information and belief, Defendant CCM solicits business within the State of New York.

9.    Upon information and belief, Defendant CCM derives substantial revenues from goods used or consumed or services rendered in the State of New York.

10.    Defendant CCM is a covered employer within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., New York State Human Rights Law, and Title VII and at all relevant times, employed Plaintiff.

11.     Defendant Emory X. Brooks (Hereinafter "Brooks," together with CCM, "Defendants")
        was and is the President and CEO of CCM and at all relevant times supervised Plaintiff.

12.     Upon information and belief, Defendant Brooks had authority regarding Plaintiff's day to
        day work experience and could make decisions regarding the terms and conditions of
        Plaintiff's employment.

**FACTS**

13.     Plaintiff worked for Defendants from 2007 through 2011, and from 2018 through 2020
        without issue.

14.     Defendants again hired Plaintiff on July 26, 2021.

15.     Defendant hired Plaintiff as an Alliance Coordinator.

16.     Plaintiff's duties included overseeing the newly funded Family and Youth Peer Support
        Services Agency (Hereinafter "FYPS"), a network of five (5) non-profit organizations.  In
        this role, Plaintiff's responsibilities were the following:  Provide oversight of the FYPS
        program activities consistent with the program goals and the objectives and policies of
        DOHMH; Oversee program budgets alongside the Comptroller and Development Director,
        manage program contracts, and manage multiple sub-contractors; Ensure the effective
        implementation of the expansion of services; Oversee the hiring of all program staff;
        Conduct and ensure that all staff receive required training; Oversee outreach, recruitment,
        and engagement of participants and grant management; Generate and submit monthly and
        quarterly reports that include contract outcomes to the DOHMH; Develop strategies for
        recruitment and retention of program participants; Create a coalition of service providers
        to ensure wrap-around services to program participants.

17.     Plaintiff was at all times at least a satisfactory employee while working for Defendants.

18. Infinity Educational Program (Hereinafter "Infinity"), a subcontracting agency that works with Defendants, began to treat Plaintiff in a discriminatory manner.

19. Dr. Margaret Castillo (Hereinafter "Castillo"), Principal at Infinity, accused Plaintiff of stealing from the budget, stating, "Since you started working here, I'm missing $50,000.00."

20. Castillo spoke to Plaintiff in a dismissive and demeaning manner.

21. Castillo did not respond to emails, phone calls, and other communications sent by Plaintiff.

22. On or about November 3, 2021, Plaintiff complained about the discrimination in an email to Defendant Brooks.

23. Plaintiff's complaint of discrimination was performed in good faith of her beliefs that she was experiencing discrimination.

24. On or about November 15, 2021, Plaintiff attended a meeting with Infinity.

25. Plaintiff reiterated the discrimination that she experienced while working with Infinity.

26. On or about November 19, 2021, Plaintiff took an approved vacation.

27. On or about November 22, 2021, Defendants retaliated against Plaintiff by terminating her employment less than three (3) weeks after her initial complaint of discrimination and only seven (7) days after her verbal complaint of discrimination.

28. At the time of her wrongful termination, Plaintiff was not in danger of losing her employment due to her performance.

29. As a result of Defendants' retaliation against Plaintiff, she suffered numerous injuries including economic and emotional damages.

30. Due to the retaliation of Defendants, Plaintiff suffers from high stress and anxiety.

31. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

32. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

33. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff on an ongoing continuous basis.

34. Defendants exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION UNDER TITLE VII
## CIVIL RIGHTS ACT OF 1964
### (Not Against Any Individual Defendant)

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination.

37. Defendant took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in the protected activities which is a violation of Title VII which makes it unlawful for an employer to retaliate against its employees for opposing unlawful employment practices.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

40.     Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER NEW YORK STATE LAW

41.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42.     New York State Executive Law 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

43.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

### AS A FOURTH CAUSE OF ACTION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

44.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45.     The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

46.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

47.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48.     The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice for an employer "to retaliate or discriminate in any manner against any person because such person has… opposed any practice forbidden under this chapter."

49.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107 (1) e by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

50.     Specifically, Defendants wrongfully terminated Plaintiff after several good faith complaints of discrimination and harassment.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE SUPERVISORY LIABILITY

51.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52.     Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section

only where: the employee or agent exercised managerial or supervisory

responsibility; or the employer knew of the employee's or agent's discriminatory

conduct, and acquiesced in such conduct or failed to take immediate and

appropriate corrective action; an employer shall be deemed to have knowledge of

an employee's or agent's discriminatory conduct where that conduct was known by

another employee or agent who exercised managerial or supervisory responsibility;

or the employer should have known of the employee's or agent's discriminatory

conduct and failed to exercise reasonable diligence to prevent such discriminatory

conduct.

53.     Defendants violated the above section as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an

amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees,

costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
        May 16, 2022

SLATER SLATER SCHULMAN LLP

*Adam Morelli*

Adam R. Morelli
445 Broadhollow Road, Suite 419
Melville, New York 11747
*Attorneys for Plaintiff*